■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CURT MOSLEY, Also Known as ANTHONY MOSLEY, Appellant.—

At the charge conference prior to summations, the court indicated to both counsel that it believed that submission of two of the counts charging second degree assault could result in a repugnant verdict. Consequently, counsel were requested to present their respective positions on which of the two counts should be submitted. The prosecutor, after expressing disagreement with the court's procedure, chose count one, charging that physical injury was caused by means of a dangerous instrument (Penal Law § 120.05 [2]) instead of count three, charging that physical injury was caused while defendant was confined in a correctional facility (Penal Law § 120.05 [7]). Defense counsel had previously argued that the People were bound to proceed on the dangerous instrument count since they had consistently claimed that it was defendant who had possessed the weapon which caused the injury to the correction officer.

Defendant now contends that the court improperly allowed the prosecutor to choose which count would be submitted to the jury, and thus delegated an exclusively judicial function. We find that counsel acquiesced in the manner in which the court chose to resolve the matter, and further, should not be heard to complain of the very results she requested *(People v Van,* 161 AD2d 326, *lv denied* 76 NY2d 867). Moreover, the court did not delegate its responsibility. It is clear that the court found that there was sufficient evidence to sustain either charge. All the court required of the prosecutor, in effect, was his consent to dismissal of one of the counts which the court had found could result in a repugnant verdict. Concur—Ellerin, J. P., Kupferman, Ross and Smith, JJ.